IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| **BRIAN KEITH STEELE,** | } | | |
| | } | | |
| Petitioner, | } | | |
| | } | | |
| v. | } | Case No.: | 2:13-cv-8053-RDP |
| | } | Criminal: | 2:12-cr-0068-RDP-MHH |
| **UNITED STATES OF AMERICA,** | } | | |
| | } | | |
| Respondent. | } | | |

## MEMORANDUM OPINION

The court has before it Brian Keith Steele's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1), filed on November 26, 2013. Pursuant to the court's orders of February 6, 2014 (Doc. #3) and March 6, 2014 (Doc. #5), the United States Government filed a Response (Doc. #5) to Steele's Section 2255 Motion on March 25, 2014. In its response, the Government seeks to have the Motion to Vacate (Doc. #1) dismissed in its entirety. Petitioner filed an Addendum to the Government's Response to his Petition (Doc. #8) on July 16, 2014.[1]

Petitioner Steele's Motion to Vacate (Doc. #1) seeks relief on the ground that he received ineffective assistance of counsel during the guilty plea stage of proceedings. (Doc. #1 at 6).

### I.   Background

On February 29, 2012, a federal grand jury returned a ten count indictment against Brian Steele. (*See* Doc. #1 in Case No.: 2:12-cr-0068-RDP-MHH). On April 11, 2012, Steele was arrested

---

[1] On March 31, 2014, the court entered an Order (Doc. #7) allowing Petitioner 21 days within which to respond to the Government's response of March 25, 2014 (Doc. #6). Petitioner failed to do so. Instead, almost four months later, Petitioner filed an Addendum (Doc. #8). Although that Addendum was sorely out of time, it was reviewed by the court in connection with this habeas petition. However, the arguments included therein fail to meet the threshold of professionally incompetent assistance and may more appropriately fall within an 18 U.S.C. § 3582 motion.

and had an initial appearance. (Docket entry of 4/11/2012 in Case No. 2:12-cr-0068-RDP-MHH). On May 7, 2012, the United States filed an information to establish Steele's prior felony drug conviction which subjected him to a mandatory minimum sentence of twenty years in prison if he was convicted of the penalty section set forth in 21 U.S.C. § 841(b)(1)(A) in Count One. (Doc. #32 in 2:12cr68).

Steele plead guilty to Counts One, Six, Eight, Nine, and Ten of the Indictment. (Doc. #50 in 2:12cr68). On November 27, 2012, Steele was sentenced and remanded to the custody of the Bureau of Prisons for twenty years on Counts One, Six, Seven, Eight, and Ten -- separately and concurrently -- plus a 60-month consecutive sentence on Count Nine. (Doc. #78 in 2:12cr68). Steele did not appeal this sentence.

## II.     Discussion

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without personal jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255, ¶ 1. It is well settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Here, Petitioner seeks relief on the ground that he received ineffective assistance of counsel.

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court established a two-prong test for adjudicating ineffective assistance of counsel claims. Both prongs of the test must be met for Petitioner to succeed. *Id.* at 687. First, Steele must show that counsel's performance was deficient,

*i.e.*, outside the range of professionally competent assistance. *Id.* The proper measure of an attorney's performance is "reasonableness under prevailing professional norms." *Id.* at 688. Unless a petitioner can rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," he cannot show that counsel's performance was constitutionally deficient. *Id.* at 689. "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. [The court asks] only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992); *see also Waters v. Thomas*, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance").[2]

Second, Steele must establish prejudice, such that there is a reasonable probability that, absent counsel's errors, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Because Petitioner must meet both parts of the test, the court need not address the performance prong if Petitioner cannot meet the prejudice prong, and vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

The Supreme Court has held that *Strickland's* two-part test also applies to "challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In *Hill*, the Court held that to establish prejudice, "the defendant must show that there is a reasonable

---

[2] In fact, the Supreme Court has warned against second-guessing professional judgments made by counsel: "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.  The context of the case's scope and the circumstances of counsel's representation also matter. Thus, "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial."  *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir.1984). "To impart such an understanding to the accused, counsel must, after making an independent examination of the facts, circumstances, pleadings and laws involved, offer his informed opinion as to the best course to be followed in protecting the interests of his client." *Id.*  Of course, the court also plays an important role in ensuring that criminal defendants make knowing, voluntary, and informed decisions about whether to plead guilty or proceed to trial. *See, e.g.*, Fed. R. Crim. P. 11(b).

### A. Burden of Proof

Petitioner argues that he never would have agreed to the guilty plea had counsel "properly" informed him of the law in relation to the facts of the case "and would have instead either went to trial or negotiated a favorable agreement." (Doc. #2 at 8).  He argues that he didn't understand what the Government would have to prove as to Counts One and Nine because his attorney never explained the intricacies of those counts to him.

#### 1. Count One

As to Count One, which charged Petitioner with Conspiracy to Possess with the Intent to Distribute 280 grams of cocaine base and 5 kilograms of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(a), Petitioner argues that his counsel failed to inform him as to the elements

of conspiracy. (Doc. #2 at 10) (citing *United States v. Payne*, 750 F.2d 844 (11th Cir. 1985)). More specifically, Steele argues that his attorney failed to explain the following: the essence of a conspiracy is an agreement to commit a common objective; two parties can engage in a drug transaction without forming a conspiracy; a person cannot conspire with a government informer who secretly intends to frustrate the purpose of the conspiracy; and there was no benefit to the Government's plea agreement. (*See* Doc. #2 at 10-11).

During the court's plea colloquy with Petitioner, however, the following exchanges occurred which demonstrate Petitioner's argument to be without merit:

> THE COURT: Mr. Cross, have you had adequate time to consider any possible defense with respect to your client, to consider and investigate the charges against him, and to discuss all those matters with him?
>
> MR. CROSS: Yes, Your Honor, I have.
>
> THE COURT: And, Mr. Steele, have you had adequate time to consult with your attorney concerning the charges pending against you and any defenses you may have to those charges?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Are you fully satisfied with the representation and advice that you received from your attorney, Mr. Cross, in this case?
>
> DEFENDANT: Yes, sir.

(Doc. #87 at 4-5 in Case No. 2:12cr68-RDP-MHH).

> THE COURT: All right. What I want to give you now is an explanation of the charges. I'm going to start with Count 1. That is the conspiracy count. It alleges that you and others conspired to possess with the intent to distribute some 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, otherwise known as crack cocaine, and five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride,

that is, cocaine powder. That charge in Count 1 is a conspiracy and is a felony offense.

In order to convict you of that offense, the government would have to prove the following facts: That two or more people in some way or manner agreed to try to accomplish a shared and unlawful plan to possess a mixture and substance containing a detectable amount of crack cocaine and a mixture and substance containing a detectable amount of powder cocaine.

Second, that you knew the unlawful purpose of the plan and willfully joined in it. And third, that the object of the unlawful plan was to possess with the intent to distribute and/or distribute 280 grams or more of a mixture and substance containing a detectable amount of crack cocaine and five kilograms or more of a mixture and substance containing a detectable amount of powder cocaine.

You can be convicted as a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators. And if you only played a minor part in the plan but had a general understanding of the unlawful purpose of the plan, that is sufficient to convict you if you willfully joined in the plan on at least one occasion.

Do you understand the charges against you in Count 1?

DEFENDANT:   Yes, sir.

THE COURT:   Have you talked with this attorney?

DEFENDANT:   Yes, sir.

THE COURT:   And is what he told you consistent with what I've told you?

DEFENDANT:   Yes, sir.

THE COURT:   Do I need to answer any questions or give you any other information or define any of these terms for you?

DEFENDANT:   No, sir.

THE COURT:   So you think you have a full understanding of the charge?

    DEFENDANT:       Yes, sir.

(Doc. #87 at 8-9 in Case No. 2:12cr68-RDP-MHH).

    THE COURT:       And is what I have talked to you about consistent with what you and your lawyer talked about before walking into the courtroom today in terms of what the government would have to prove?

    DEFENDANT:       Yes, sir.

(Doc. #87 at 12 in Case No. 2:12cr68-RDP-MHH).

Petitioner asked for a "time out" to speak with his attorney at this point during the colloquy. He represents to the court that during that "time out" he "expressed his reluctance to plea guilty to the conspiracy offense essentially because after hearing the Court explain the elements of the offense he was not sure whether he was actually guilty of conspiring with anyone." (Doc. #2 at 12 and attached affidavit). But the court again went to lengths to ensure the plea was knowing and voluntary after Petitioner's discussion with counsel.

    THE COURT:       All right. And again, one of the reasons I sleep well at night is I know I've never forced someone into a plea or ramrodded anyone into a plea. I always want to make sure it's knowing and voluntary. Do you need to have any more time at all?

    DEFENDANT:       No, sir.

(Doc. #87 at 31 in Case No. 2:12cr68-RDP-MHH).

Because the record is clear that defense counsel and the court each provided Petitioner with an understanding of the law in relation to the facts as to Count One, Petitioner's ineffective assistance of counsel claim fails.

      **2.**      **Count Nine**

As to Count Nine, which charged Petitioner with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a)(1), Petitioner argues that his counsel never told him that the mere presence of a firearm is insufficient to establish that the firearm was possessed in furtherance of a drug trafficking crime. (Doc. #1 at 13).  He argues that he was unaware that to establish the offense, the Government would have to prove that he used the firearm to help, further, promote, or advance the drug trafficking crime. (Doc. #1 at 13).  "In the case at bar, counsel never explained this important legal principle to the petitioner, and actually erroneously informed him of the exact opposite, that the mere presence of the firearm [was] sufficient to satisfy the Government's burden." (*Id.*).  The problem for Petitioner is that the record evidence cuts directly against his attempt at revisionist history.

> THE COURT:      All right.  Count Nine of the Indictment charges that you violated 18 United States Code Section 924(c)(1)(a)(1), which is possession of a firearm in furtherance of a drug trafficking crime.  That statute makes it a separate federal crime or offense for anyone to possess a firearm in furtherance of a drug trafficking crime.
>
>                         In order to be guilty of that charge, the government would have to prove beyond a reasonable doubt the following facts:  First, that you committed the drug trafficking crime charged in Count 8.  That was the possession with the intent to distribute.
>
>                         Second, that you knowingly possessed a firearm.  *And third, that you possessed the firearm in furtherance of that drug trafficking crime.  In other words, the firearm helped, promoted, or advanced the crime in some way.*
>
>                         Do you understand the charge made against you with respect to Count Nine?
>
> DEFENDANT:      Yes, sir.

| | |
|---|---|
| THE COURT: | Any questions I need to answer for you about that or definitions I need to give you with respect to any of those terms? |
| DEFENDANT: | No, sir. |
| THE COURT: | And have you talked about that charge with your lawyer? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | *And is your discussion with your lawyer consistent with [what] you and I just talked about a moment ago?* |
| DEFENDANT: | *Yes, sir.* |

(Doc. #87 at 12-13 in Case No. 2:12cr68-RDP-MHH). Because the plea colloquy is clear that Petitioner was fully informed and fully understood Count Nine to which he pled guilty, and because he acknowledged at the plea hearing that his lawyer's discussions with him were consistent with the court's instructions, the claim for ineffective assistance of counsel on this Count cannot stand.

### B. Penalties

Petitioner argues that his attorney was ineffective for failing to properly advise him of the penalties he faced as a consequence of the plea. (*See* Doc. #2 at 11) ("Meaning that he had nothing to lose and everything to gain by going to trial . . ."). However, once again, the record evidence establishes otherwise.

| | |
|---|---|
| THE COURT: | [A]nd, Mr. Steele, [the government attorney] was correct to stand to make sure I properly advised you of this. Under 841(b)(1)(A), if you had a prior qualifying drug conviction -- and the government contends that is a prior qualifying drug conviction -- then the custody becomes not less than 20 years up to life. That's an enhancement that is put in place because of your prior conviction under 21 United States Code Section 851. Do you understand that? |
| DEFENDANT: | Yes, sir. |

9

| | |
|---|---|
| THE COURT: | Talked about all that with your lawyer in terms of the penalties for Count 1? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | Counts 6 through 8 generally carry with them a fine of not more than $1 million per count, custody of not more than 20 years per count, a supervised release term of not more than three years per count and a $100 assessment fee. |
| | Again, there is an enhancement for one or more qualifying drug convictions, and that makes the custody go up to not more than 30 years and the fine go up to not more than $2 million, and the supervised release term is raised to not less than six years. Counsel with me so far? |
| MR. CROSS: | Yes, sir. |
| THE COURT: | Are we in agreement with that? |
| MR. DIMLER: | Yes, sir. |
| THE COURT: | Okay. Do you understand all those things? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | All right. Any questions about those? |
| DEFENDANT: | No, sir. |
| THE COURT: | Count 9 is the possession of the firearm in furtherance of the drug trafficking crime. That's a unique penalty that comes into play that I'm sure you and your lawyer have talked about under Count 9. That carries with it a fine of not more than $250,000, custody of not less than five years nor more than life. And the key there that you need to understand is that sentence cannot start until you complete all the other sentences that you're serving in this case. Do you understand that? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | That's a consecutive sentence. It stacks on top of these other sentences, and that carries with it a supervised release term of not |

>   more than five years and a $100 assessment fee. So in other words, whatever years you get, you'll have to serve all those years on the other sentences and serve the sentence for Count 9 at the end of that.
>
>   Do you understand what I'm saying there?
>
> DEFENDANT:   Yes, sir.
>
> THE COURT:   Talked about that with your lawyer?
>
> DEFENDANT:   Yes, sir.

(Doc. #87 at 23-25 in Case No. 2:12cr68-RDP-MHH).

Before concluding the discussion of penalties, the court asked Steele if he understood the maximum and minimum penalties that had been outlined for him. To that, Steele responded, "Yes, sir." (Doc. #87 at 26 in Case No. 2:12cr68-RDP-MHH). The court went even further:

> THE COURT:   Is everything that I have talked to you about in terms of maximum and minimums and the scope of penalties consistent with what you and Mr. Cross talked about before you came in the courtroom today?
>
> DEFENDANT:   Yes, sir.
>
> THE COURT:   Do you wonder why I keep asking these questions about whether these are consistent with what you and your lawyer talked about? *Believe it or not, some people, after they have been sentenced, decide that their lawyer did not advise them properly and move to vacate their sentence for that reason.*
>
>   So one of the things I try to do is try to make sure we're all on the same page in terms of the elements for the crime and the penalties for the crime. Do you understand that?
>
> DEFENDANT:   Yes, sir.

(Doc. #87 at 26 in Case No. 2:12cr68-RDP-MHH). Because the record evidence shows that Petitioner fully understood the penalties he would face upon entering a guilty plea, the claim for ineffective assistance of counsel fails.

### C. Available Defenses

Petitioner's final argument for vacating his sentence is that "Steele had viable defenses to both Count One and Count Nine that counsel failed to inform him of, and which would have likely born fruit." (Doc. #2 at 14).

As to Count One, Steele argues that he had: (1) the buyer-seller defense; and (2) the Government informer defense. (*See* Doc. #2 at 14). He argues that "there was absolutely no evidence that the movant had anything other than a buyer-seller relationship with the Government informer" and that "[t]he only drug deals between Steele and the informer that there was actual proof of was the controlled buys that took place after the informer started working for the Government." (Doc. #2 at 14). As to Count Nine, Petitioner argues that he did not possess the firearm in "furtherance" of the drug trafficking crime; that there was no evidence other than the proximity of the weapon to some drug evidence to meet this threshold. (*See* Doc. #2 at 17). Petitioner argues that "[i]t is quite likely that the jury would also have acquitted the Petitioner of this offense had this defense been properly utilized." (*Id.*)

These arguments fail because they neglect to consider the full array of evidence that would have been before the jury had the case gone to trial, leaving nothing but a blanket opinion that a trial might have had a more favorable outcome for Petitioner. In Petitioner's case, there was evidence of a buying/selling relationship involving the repeated transfer of drugs, thus allowing the inference of a conspiratorial relationship. *See United States v. Dekle*, 165 F.3d 826 (11th Cir. 1999). In fact, there is evidence that the drug trafficking relationship began in June 2006 and involved at least 15 deliveries of cocaine. (*See* Doc. #6 at 20). The facts imputed to by Steele clearly establish that the men conspired with one another back into 2006, long before the informant was acting on behalf of

the Government. (*Id.* at 21). There was also sufficient evidence to support a conviction under § 924(c).

For these reasons, Petitioner's motion to vacate fails on the ground that his counsel did not explore viable defenses.

### III.   Conclusion

Petitioner's allegations are affirmatively contradicted by the record in this case. Therefore, the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1) is due to be denied. A separate order will be entered dismissing this case in its entirety.

**DONE** and **ORDERED** this     9th     day of January, 2015.

```
                              _____
                              R. DAVID PROCTOR
                              UNITED STATES DISTRICT JUDGE
```